UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17-cr-20274 |
| Plaintiff, | Honorable Bernard A. Friedman |
| v. | **MOTION AND BRIEF TO AMEND BOND CONDITIONS** |
| FAKHRUDDIN ATTAR, D-02, and FARIDA ATTAR, D-03, | **EXPEDITED CONSIDERATION REQUESTED** |
| Defendants. | |

_____

Fakhruddin Attar, M.D., through his attorney Mary Chartier, and Farida Attar, through her attorney Matthew Newburg, move to amend their bond conditions. Counsel has been unable to receive concurrence from the Assistant United States Attorney.

The Attars request that this motion be considered on an expedited basis because their daughter starts school on September 5, and they need to determine how they can get her to school.

The Attars request the following amendments to their bond conditions.

1

1. Allow the Attars to take their ten-year-old daughter back and forth to school and to her state court-ordered therapy. Only one parent would take her to school and therapy except for the family therapy where they both must go. The Attars are on a GPS tether, so it will be clear when they leave and come back home.

2. Allow for their daughter to have playdates at her home with other family members supervising the playdates, and the Attars remaining in their bedroom with no contact with those visiting.

3. Allow people to come to the outside of the home to take their daughter and her grandparents places – e.g., the mosque, the park, play dates, grocery shopping. These people would not come in to the house – they would wait at the end of the driveway and have no interaction with the Attars. The grandparents living in the home do not drive and walking to go grocery shopping and for other errands is not feasible.

4. Allow the internet and computers to be used by those residing in the Attars' home, including their ten-year-old daughter. At the July 6, 2017 hearing, this Court indicated that there could be computers in the house and internet because the Attars' daughter lives there,

but Dr. Attar and Mrs. Attar could not use them. (Exh. A, 49-52.) This would only memorialize in an order what this Court has already stated on the record would be allowed. This is only similar to what is done in cases, such as those that fall under the Adam Walsh Act. Notably, this case does <u>not</u> fall under the Adam Walsh Act.

5. Allow the internet to be used by the Attars to communicate with counsel and to engage in daily activities, subject to the condition that they do not interact – directly or indirectly – with those who may be witnesses in the case. The broad ban on internet use is overly broad. See, e.g., *Packingham v. North Carolina*, 137 S. Ct. 1730, 1738 (2017).

As this Court is undoubtedly aware, an order of pretrial release must be subject to the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of any other person in the community. 18 U.S.C. § 3142(c). The Attars are certainly not a flight risk. Before being arrested, Dr. Attar had been interviewed by agents, the clinic had been raided, and

Dr. Nagarwala had been arrested, yet the Attars never tried to flee. In fact, they were arrested while working at the clinic.

Moreover, the Attars are no risk to the safety of any person in the community. They have no criminal history whatsoever. The allegations stem from a religious practice that only involved members of their religion with the consent of the child's parents. They have been compliant with the bond conditions imposed by this court. When the Attars were living at the hotel and were confined to their room, they did not even leave their hotel room when a fire alarm went off because they were afraid of violating their bond conditions.

Counsel anticipates that the government will argue that due to the nature of the charges the Attars' conditions are warranted. Dr. Attar has been charged with conspiracy to commit female genital mutilation (FGM), two counts of FGM, and one count of conspiracy to obstruct an official proceeding. (Second Superseding Indictment, RE 153, Page ID # 1266-1276.) Mrs. Attar has been charged with conspiracy to commit female genital mutilation (FGM), three counts of FGM, and one count of conspiracy to obstruct an official proceeding. (Second Superseding Indictment, RE 153, Page ID # 1266-1276.) The following is a brief

summary of the charges and some of the conditions for others charged in this case.

Tahera Shafiq is charged with conspiracy to commit FGM and two counts of FGM. (Second Superseding Indictment, RE 153, Page ID # 1266-1276.) Mrs. Shafiq's bond conditions were that she was on home detention, restricted to her residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer with restrictions on internet use. (Order, RE 7, Page ID # 499-502.) Mrs. Shafiq's conditions have been amended to allow her to attend counseling. (Stipulation, RE 222, Page ID # 1655-1656.)

Farida Arif is charged with conspiracy to commit FGM and one count of FGM. (Second Superseding Indictment, RE 153, Page ID # 1266-1276.) While initially ordered to wear a GPS tether, by order of this Court, Mrs. Arif's GPS tether was removed. (Order, RE 259, Page ID # 1855.) Mrs. Arif's motion for the tether removal detailed that she is a stay-at-home mother who cares for her children and family, takes her children to school events, and goes to mosque. (Motion, RE 201, Page ID

# 1592-1583.) By stipulation, Mrs. Arif has also been allowed to leave the State of Michigan for a vacation with her family. (Stipulation, RE 311, Page ID # 2312-2313.)

Fatema Dahodwala is charged with conspiracy to commit FGM, one count of FGM, and one count of conspiracy to obstruct an official proceeding. (Second Superseding Indictment, RE 153, Page ID # 1266-1276.) While initially ordered to wear a GPS tether, by order of this Court, Mrs. Dahodwala's GPS tether was removed. (Order, RE 259, Page ID # 1855.) Mrs. Dahodwala's motion for the tether removal detailed that she is a stay-at-home mother who cares for her children and family, takes her children to school events, and goes to mosque. (Motion, RE 203, Page ID # 1592-1598.) Notably, there are no internet restrictions for Mrs. Dahodwala. By stipulation, Mrs. Dahodwala is allowed to travel throughout the State of Michigan. (Stipulation, RE 302, Page ID # 2051-2053.)

Haseena Halfal is charged with conspiracy to commit FGM and one count of FGM. (Second Superseding Indictment, RE 153, Page ID # 1266-1276.) Mrs. Halfal lives in Minnesota, and she is not on house arrest or GPS tether. (Order Setting Conditions of Release, RE 178, Page ID #

1459-1462.) She is allowed to take her children to school and engage in all the functions of her daily life.

Zainab Hariyanawala is charged with conspiracy to commit FGM and one count of FGM. (Second Superseding Indictment, RE 153, Page ID # 1266-1276.) Mrs. Hariyanawala lives in Minnesota, and she is not on house arrest or GPS tether. (Order Setting Conditions of Release, RE 181, Page ID # 1467-1468.) She is allowed to take her children to school and engage in all the functions of her daily life. By stipulation, Mrs. Hariyanawala is also allowed to attend religious services at her mosque, as long as she avoids all contact with her co-defendants and anyone who is or may become a witness in the case. (Stipulation, RE 189, Page ID # 1497-1498.)

The anticipated argument that it would be difficult to monitor what the Attars do is the same argument that could be made for any defendant, in any case, including the defendants in this case. Notably, there has not been one allegation of a bond violation brought against *any* of the defendants in this case in the one year and over four months that this case has been pending.

Currently, trial is still approximately five months away. The Attars only seek reasonable amendments to their bond conditions, such as one of them being allowed to take their daughter to school and allowing people to come to their driveway to take their daughter to mosque and allowing their daughter to access the internet to watch television and do schoolwork. Granting these amendments will be in accord with the statutory mandate that the conditions be the least restrictive condition or combination of conditions to ensure appearance and safety.

Accordingly, Dr. Attar and Mrs. Attar respectfully request that this Court amend their bond conditions.

                                               Respectfully submitted,

08/24/2018                          /s/MARY CHARTIER
Date                                    Mary Chartier

08/24/2018                          /s/MATTHEW NEWBURG
Date                                    Matthew Newburg

## Certificate of Service

I hereby certify that on August 24, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to parties enrolled through the ECF system. A hard copy has been mailed via the United States Postal Service to those who are not enrolled.

/s/MARY CHARTIER
Mary Chartier
Chartier & Nyamfukudza, P.L.C.
1905 Abbot Road, Suite 1
East Lansing, MI 48823
Phone: 517.885.3305
Fax: 517.885.3363
mary@cndefenders.com