UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-2   FAKHRUDDIN ATTAR,
D-3   FARIDA ATTAR,

        Defendants.
_____/

Criminal No. 17-cr-20274

Honorable Bernard A. Friedman

VIO:  18 U.S.C. § 371
18 U.S.C. § 116
18 U.S.C. § 2
18 U.S.C. § 1512(k)

## GOVERNMENT'S RESPONSE TO FAKHRUDDIN AND FARIDA ATTAR'S JOINT MOTION TO AMEND BOND CONDITIONS (R. 318)

Defendants Fakhruddin and Farida Attar ask the Court to amend their bond conditions to allow: 1) Defendants to take their daughter, to and from school and court ordered therapy; 2) their daughter to have playdates at their home with other family members supervising the playdates, while the Defendants remain in their bedroom; 3) people to come to the outside of the home to take their daughter and grandparents places such as the mosque, the park, play dates, and grocery shopping; 4) the internet and computers to be used by those residing in the Defendants home, including their daughter; and 5) expand the use of the internet by the Attar's to communicate with counsel and engage in daily activities. The government opposes the Defendants motion. Pre-Trial Services also opposes the Defendants request.

1

As to the first modification, permission to take their daughter to and from school and court ordered therapy, the Attars fail to explain why this modification is necessary when, for the last 16 months – since the Attars were arrested - their daughter has been attending school or court ordered therapy without the assistance of either Defendant.  To allow the Attars to provide this type of transportation to their daughter, would render no contact with community members unenforceable and makes home incarceration ineffective.  While Pre-Trial services could monitor their GPS tether to ensure that they are simply going to the school or therapy sessions, it would be impossible to determine who the Attars are interacting with at either public location.

The second and third proposed modifications request that non-family members be permitted inside or on the perimeter of the home.  Again, granting this modification would make it impossible for Pre-Trial services to monitor who is entering or leaving the Defendants home. While both Defendants have a GPS tether, a GPS tether simply informs that the Defendants are inside the home.  It will not distinguish whether the Defendants are in their bedroom at the time of a playdate or if anyone is in the bedroom with the Attars.  Furthermore, Defendants fail to specify which "people" would wait in the driveway to take their daughter and her grandparents "places".  Defendants describe the mosque as one of the places that their daughter and her grandparents need to be taken to.  If their daughter and her

grandparents need to be taken to the mosque, it is inevitable that the Attars would violate the condition requiring no contact with witnesses since this is a close-knit community and the mosque was the location where members of the community met once they learned that this investigation was taking place.

Bond modifications four and five, would render the condition requiring that Defendants not access or use computers and the internet null and void. Since their arrest, the Defendants have been communicating with counsel without access to a computer or the use of the internet. Despite their lack of internet access, the Defendants, through their counsel and with the government's consent, have filed eighteen stipulations modifying the bond conditions, many of which allowed for limited use of the internet or a computer. The government has worked closely with Defendants to give leeway in modifying this bond condition so that the Attars could engage in their personal affairs such as winding down their business and streaming various religious services throughout the year. Now, inexplicably Defendants claim internet access is needed so that their daughter can use it for school, to communicate with counsel and to conduct "daily activities." Defendants fail to explain what specific "daily activities" require internet access and why they need to engage in these activities. To modify this bond condition, would not only render this condition meaningless, it would be impossible to monitor the Defendants compliance.

Accordingly, the government requests that the Court deny the Attars motion.

                        Respectfully submitted,

                        Matthew Schneider
                        United States Attorney

                        *s/Malisa Dubal*
                        MALISA DUBAL
                        AMY MARKOPOULOS
                        Trial Attorneys
                        Department of Justice, Fraud Section
                        1400 New York Avenue, NW
                        Washington, DC 20005

                        SARA D. WOODWARD
                        JOHN NEAL
                        Assistant United States Attorneys
                        211 West Fort Street, Ste. 2001
                        Detroit, MI 48226-3220

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on August 28, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record who receive electronic notifications.

                                  s/Leslie M. Anthony
                                  Leslie Anthony
                                  Paralegal – Contract CACI, Inc.
                                  Department of Justice
                                  Fraud Section
                                  1400 New York Avenue, NW
                                  Washington, DC 20005