UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-cr-20274 |
| Plaintiff, | Honorable Bernard A. Friedman |
| v. | SUPPLEMENTAL MOTION TO DETERMINE ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS AND ALLEGED PARTY ADMISSIONS BEFORE TRIAL |
| JUMANA NAGARWALA, FAKHRUDDIN ATTAR, FARIDA ATTAR, and FATEMA DAHODWALA, | |
| Defendants. | |

---

Fakhruddin Attar, M.D., through his attorney Mary Chartier, Jumana Nagarwala, M.D., through her attorneys Shannon Smith and Molly Blythe, Farida Attar, Ph.D., through her attorney Matthew R. Newburg, and Fatema Dahodwala, through her attorney Brian Legghio, file this supplemental motion in accord with this Court's November 9, 2020 order. (RE 440, Page ID # 3408.)

The motion for the government to identify alleged co-conspirator statements that it intends to introduce at trial and the theory of admission of those statements and to identify any alleged party

1

admissions it will seek to introduce continues to be relevant to the remaining count of conspiracy to obstruct an official proceeding. (RE 334, Page ID # 2472.)

The government is alleging that Dr. Nagarwala, Dr. Attar, Mrs. Attar, and Ms. Dahodwala told others not to speak about "FGM" procedures that had taken place. (RE 334, Page ID # 2465.) The government alleges that the named parties conspired with others to corruptly persuade them to engage in misleading conduct with the intent to hinder, delay, and prevent the communication of information to law enforcement officers and a judge of the United States relating to the commission or possible commission of a federal offense, as well as conspiring to obstruct, influence, and impede an official proceeding. (RE 334, Page ID # 2472.)

This alleged conspiracy began on or about April 10, 2017 and purportedly continued through the date of the indictment of September 12, 2018. (RE 334, Page ID # 2472.) The supposed co-conspirator statements that the government intends to introduce become even more significant because of the dismissed offenses. These dismissals limit what purported statements the government would be able to arguably

introduce because now, contrary to the government's initial claim, the named parties could not conspire to commit female genital mutilation in violation of 18 U.S.C. § 371 because no such federal offense exists.

All that currently remains is the alleged obstruction allegation. Given the vastly different nature of the allegations from the third superseding indictment, it is imperative that the statements that the government seeks to admit are examined before trial. In the instant case, the indictment indicated at least two, if not more, alleged conspiracies. Count one alleged a conspiracy involving all eight indicted defendants, but Count eight alleges a conspiracy to obstruct official proceedings against only four of those indicted. With the dismissal of the other counts, it is even more imperative to ensure that statements that are admitted only relate to count eight.

Moreover, in numerous wiretapped recorded conversations of the named parties, they discuss Child Protective Services. Thus, it is critical to know what statements the government seeks to admit because the purported conspiracy is about an official proceeding, law enforcement officers, and a judge of the United States. It does not give the government free reign to admit any statements from any

3

conversation. Thus, the government must establish, out of the purview of the jury, that the statements it seeks to admit were actually made during a conspiracy to obstruct an official proceeding, as the indictment alleges. See *United States v. Warman,* 578 F.3d 320, 335 (6th Cir. 2009); *United States v. Enright*, 579 F.2d 980, 986 (6th Cir. 1978). If statements are improperly offered at trial, it will damage the jurors' abilities to assess only the evidence that relates to the count that the named parties are on trial for and not for statements and conduct that the government seeks to introduce that do not relate to the indicted offense.

There also remains the unresolved *Bruton* issue, if the government attempts to introduce statements made by a co-defendant that purportedly inculpate another defendant in this joint trial. See *Bruton v. United States,* 391 U.S. 123, 126; 88 S. Ct. 1620; 20 L. Ed. 2d 476 (1968). The admission of these statements would violate the inculpated defendant's constitutional right to cross-examination. *Id.* Because a *Bruton* violation would unconstitutionally taint the trial, the government should be ordered to identify any potential statements that it plans to introduce at trial that are governed by *Bruton*, as well as

identify alleged co-conspirator statements that it intends to introduce at trial and the theory of admission of those statements.

Further, none of the discovery produced to date discloses that any of the four charged defendants made any statements after their arrests that would inculpate them in this obstruction conspiracy charge. Rule 16 of the Federal Rules of Criminal Procedure and this Court's Standing Order for Discovery in Criminal Cases requires the government to produce all pretrial statements made by or attributed to any defendant that may tend to inculpate the defendant in the charge for which she or he stands trial. This is critical because the original indictment filed on April 26, 2017 alleged a time period from April 10, 2017 to April 21, 2017. (RE 16, Page ID # 99.)

Finally, this is not a multiple day hearing as the government claims in trying to convince this Court to deny the motion. This is about one count and four defendants and ensuring a fair trial.

## Conclusion

Based on the foregoing, through their respective counsel, Dr. Attar, Dr. Nagarwala, Mrs. Attar, and Mrs. Dahodwala respectfully ask that this Court order the government to identify alleged co-conspirator

5

statements that it intends to introduce at trial and the theory of admission of those statements and to identify any alleged party admissions it will seek to introduce, and then conduct a hearing before trial to determine the admissibility of those alleged party admissions and co-conspirator statements.

                              Respectfully submitted,

| | |
|---|---|
| 11/23/2020<br>Date | /s/MARY CHARTIER<br>Mary Chartier<br>Attorney for Fakhruddin Attar, M.D. |
| 11/23/2020<br>Date | /s/SHANNON SMITH<br>Shannon Smith<br>Attorney for Jumana Nagarwala, M.D. |
| 11/23/2020<br>Date | /s/MOLLY BLYTHE<br>Molly Blythe<br>Attorney for Jumana Nagarwala, M.D. |
| 11/23/2020<br>Date | /s/MATTHEW R. NEWBURG<br>Matthew R. Newburg<br>Attorney for Farida Attar, Ph.D. |
| 11/23/2020<br>Date | /s/BRIAN LEGGHIO<br>Brian Legghio<br>Attorney for Fatema Dahodwala |

## Certification of Delivery

I hereby certify that on November 23, 2020 I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to parties enrolled through the ECF system. A hard copy has been mailed via the United States Postal Service to those who are not enrolled.

/s/MARY CHARTIER
Chartier & Nyamfukudza, P.L.C.
2295 Sower Boulevard
Okemos, MI 48864
Phone: 517.885.3305
Fax: 517.885.3363
mary@cndefenders.com